[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On March 22, 1999, the plaintiff, Ocwen Federal Bank, filed a complaint against the defendant, Christopher Angle, alleging foreclosure of a mortgage on property owned by the defendant. On April 8, 1999, the defendant filed a motion to dismiss on the ground of lack of personal jurisdiction because of insufficiency of service of process.
In support of his motion to dismiss, the defendant argues that the plaintiff attempted abode service at 83 DeLeo Drive in Stamford, Connecticut, but that he resides at 83 DeLeo Drive, Basement Apartment, in Stamford, Connecticut, and therefore, the action should be dismissed CT Page 1200 for insufficiency of process. The plaintiff, in opposition to the motion, argues that the defendant is equitably estopped from asserting lack of personal jurisdiction based upon insufficiency of process because the defendant, in a previous foreclosure action between the same parties, filed an affidavit with the court stating that he resides at 83 DeLeo Drive in Stamford.[1] The plaintiff argues that in reliance on the facts in the affidavit, it withdrew the initial action and incurred the expense of filing the present action. Because the plaintiff relied on the defendant's affidavit, the plaintiff argues that the defendant is estopped from asserting insufficiency of service of process.
The plaintiff also asserts that pursuant to a stipulation between the parties, dated July 30, 1999, the defendant is both contractually and equitably estopped from pursuing the motion to dismiss. The plaintiff argues that the defendant agreed in the stipulation to withdraw the present motion to dismiss and cure the foreclosure through a payment plan. The defendant asserts that although the stipulation was signed by him, the agreement was never signed by the plaintiff and therefore is not enforceable against the defendant.
Lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process are grounds which may be asserted in a motion to dismiss. Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147
(2000). The motion admits all well pleaded facts. Capers v. Lee,239 Conn. 265, 269 n. 9, 684 A.2d 696 (1996). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728
(1989).
"Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse." (Internal quotation marks omitted.) Rapin v. Nettleton, 50 Conn. App. 640, 649,718 A.2d 509 (1998). "The office of an equitable estoppel is to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties." W. v. W., 248 Conn. 487, 496, 728 A.2d 1076 (1999). There are two essential elements a party must prove for a claim of equitable estoppel: "the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief and the other party, influenced thereby, must actually change his position or do something to his injury which he CT Page 1201 otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotation marks omitted.) Id., 496-97.
The plaintiff's assertion is that the defendant is estopped from taking an inconsistent position as to his place of residence. "[A] party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him. . . . Under the doctrine of equitable estoppel, the fraud is the inconsistent position subsequently taken, rather than the original conduct; it is the former, rather than the latter, that operates to the injury of the other party." 28 Am.Jur.2d, Estoppel and Waiver § 71 (1992). This rule "is applied in respect to positions in judicial proceedings. Equitable estoppel focuses on the relationship between the parties to the prior litigation and requires a demonstration that a party claiming equitable estoppel relied to its detriment on a position maintained by its adversary in an earlier proceeding." 28 Am.Jur.2d, Estoppel and Waiver § 72 (1992).
The defendant, in the affidavit submitted with the initial motion to dismiss, stated, "I currently reside at 83 DeLeo Drive, Stamford, Connecticut, and have resided there since June 1, 1998, this has been my only place of abode since then. . . ." The court concludes that the defendant is equitably estopped from asserting that he resides at 83 DeLeo Drive, Basement Apartment, and therefore, the defendant's motion to dismiss the action for lack of personal jurisdiction based upon insufficient service of process is denied. In order to support his motion to dismiss in the previous action, the defendant submitted an affidavit to induce the plaintiff and the court to believe that he did not reside where process was served. The plaintiff, in reliance on the affidavit, withdrew the action and instituted the present action, occurring monetary and opportunity costs in the process. If the plaintiff had not acted on that belief by withdrawal of the action, the court would have had to rule on the motion to dismiss.[2] It would be an injustice to allow the defendant, to his benefit and the plaintiff's detriment, to claim insufficient process when he submitted an affidavit to the court to support the motion in the present case that blatantly contradicts the affidavit submitted to the court for the same purpose to defeat process in the previous action.[3]
Accordingly, the defendant's motion to dismiss is denied because he is equitably estopped from asserting an inconsistent position taken in a previous foreclosure action between the same parties.[4]
White, J. CT Page 1202